UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE FISHER, *et al*.,

        Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.

_____/

Case No. 1:20-cv-302

Hon. Ray Kent

**OPINION**
**and**
**ORDER**

On February 18, 2020, plaintiffs Michelle Fisher, Tracy Gilbert, Shanna Jasmin, and Michelle Svejda filed this lawsuit in the Ingham County Circuit Court against defendants Michigan Department of Corrections (MDOC), Trinity Services Group, Inc. (Trinity), and MDOC employees Catherine Bauman, Jeffrey Contreras, Stephen Marschke, Michael Parenteau, Lyle Rutter, and Scott Sprader. *See* Compl. (ECF No. 1-1, PageID.8). The MDOC defendants removed this case to federal court on April 6, 2020. *See* Notice of Removal (ECF No. 1).

On July 20, 2020, plaintiffs filed an amended complaint (ECF No. 24) which identified nine counts as follows:

COUNT I – SEXUALLY HOSTILE WORK ENVIRONMENT
Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.
All Plaintiffs – All Defendants

COUNT II – RETALIATION
Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.
All Plaintiffs – All Defendants

COUNT III – SEXUALLY HOSTILE WORK ENVIRONMENT

Title VII of The Civil Rights Act of 1964, 42 USC 2000e et seq.
Plaintiff Svejda – Defendant MDOC

COUNT IV – RETALIATION
Title VII of The Civil Rights Act of 1964, 42 USC 2000e et seq.
Plaintiff Svejda – Defendant MDOC

COUNT V – DISABILITY DISCRIMINATION
Rehabilitation Act of 1973, 29 USC 701 et seq. and Associated Regulations
Plaintiff Svejda – Defendant MDOC

COUNT VI – DISABILITY DISCRIMINATION
Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq.
Plaintiff Svejda – Defendant MDOC

COUNT VII – CONSTITUTIONAL DUE PROCESS
42 USC 1983, Fifth and Fourteenth Amendments to US Constitution
All Plaintiffs – Defendant Parenteau

COUNT VIII – CONSTITUTIONAL EQUAL PROTECTION
42 USC 1983, Fourteenth Amendment to US Constitution
All Plaintiffs – Defendants Bauman, Contreras, Marschke, Parenteau, Rutter, and
Sprader

COUNT IX – GROSS NEGLIGENCE
All Plaintiffs – Defendants Bauman, Contreras, Marschke, Parenteau, Rutter, and
Sprader

*Id*. at PageID.333-339.    The Court previously dismissed defendant Trinity.  *See* Opinion and

Order (ECF No. 178, PageID.2621-2622).    The Court also dismissed Count VI (Disability

discrimination) without prejudice and Count IX (Gross negligence) with prejudice as to defendants

Bauman, Contreras, Marschke, Rutter, and Sprader.  *See* Order (ECF No. 86, PageID.785).

This matter is now before the Court on defendants MDOC, Catherine Bauman,

Jeffrey Contreras, Stephen Marschke, Lyle Rutter, and Scott Sprader's Motion for partial summary

judgment (ECF No. 199).

## II.    Motion for partial summary judgment

### A.    Legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

## B.    Defendant MDOC

Plaintiffs have identified themselves as "a group of former subcontracted food service employees at Defendant MDOC's Alger Correctional Facility" who "were victims to sexual harassment and a sexually hostile work environment abided and promoted by Defendant MDOC."  Plaintiff's Response (ECF No. 201, PageID.2872).  With respect to defendant MDOC,

3

plaintiffs' amended complaint seeks relief under three federal statutes: Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII); the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. ("Rehabilitation Act"); and, 42 U.S.C. § 1983 ("§ 1983).  In addition, the Court is exercising supplemental jurisdiction over plaintiffs' two state law claims brought pursuant to the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*. ("ELCRA").

The MDOC seeks summary judgment on the two ELCRA claims alleged in Counts I and II because plaintiffs did not comply with a statutory notice requirement of Michigan's Court of Claims Act, M.C.L. § 600.6401 *et seq*. ("COCA") before filing their lawsuit against the agency. The issue before the Court is whether plaintiffs were required to comply with the statutory requirement, which provides in pertinent part that:

> Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

M.C.L. § 600.6431(1).

Defendants sets out the notice deadlines for each plaintiff as follows:

> Plaintiff Tracy Gilbert was terminated by Trinity Services on March 1, 2017, her deadline to comply with § 6431 was March 1, 2018. (Gilbert Stop Order, Ex. 1 at Fisher v MDOC_000022.) Plaintiff Michelle Fisher was terminated by Trinity Services on August 4, 2017, her deadline to comply with § 6431 was August 4, 2018. (Wiltsey Stop Order, Ex. 24 at Fisher v MDOC_000355.) Plaintiff Shanna Jasmin voluntarily resigned on December 15, 2018, her deadline to comply with § 6431 was December 15, 2019. (Jasmin Resignation Letter, Ex. 3 at Fisher v MDOC_000041.) Plaintiff Michele Svejda was separated from MDOC on May 16. 2019, her deadline to comply with § 6431 was May 16, 2020. (Svejda Separation Letter, Ex. 4 Fisher v MDOC_000262.)

Defendants' Brief (ECF No. 200, PageID.2855).  *See also*, "Stop Orders" (ECF Nos. 200-2, 200-

3, 200-4, 200-5).  There is no evidence that plaintiffs filed notices within these deadlines.[1]  In response, plaintiffs contend that they "complied with all relevant controlling authority on jurisdiction when they filed their claim" in the Ingham County Circuit Court, and observed that,

> For the first 46 years that the ELCRA has been in effect, the judiciary has been very clear that the ELCRA waives sovereign immunity, by listing the State and its agents as "persons" who can be properly sued outside the Court of Claims and in Federal District Court.

Plaintiff's Response (ECF No. 201, PageID.2873, 2875).

This Court is exercising jurisdiction over plaintiffs' ELCRA claims under its supplemental jurisdiction authorized by 28 U.S.C. § 1367 which provides that (with some exceptions not applicable here):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

"A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Super Sulky, Inc. v. United States Trotting Association*, 174 F.3d 733, 741 (6th Cir. 1999").  In this regard, "[a] federal court must follow the decisions of the state's highest court when that court has addressed the relevant issue." *Talley v. State Farm Fire & Casualty Company*, 223 F.3d 323, 326 (6th Cir. 2000).  As the Sixth Circuit explained,

> When deciding a diversity case under state law, a federal court must apply the law of the state's highest court. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  If, however, the state's highest court has not decided the applicable law, then the federal court must ascertain the state law from "all relevant data." *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985).  Relevant data include the state's appellate court decisions:

---

[1] In their complaint plaintiffs Fisher and Jasmin allege that they each filed a notice of intent pursuant to § 6431 which each notice being received on February 11, 2020.  *See* Amend. Compl. at ¶¶ 136-137, PageID.334.  Based on their termination dates as reflected in the records, both of these notices appear untimely.

5

> [W]e are mindful that an intermediate appellate court's judgment that announces a rule of law is "a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."

> *FL Aerospace v. Aetna Casualty and Sur. Co.*, 897 F.2d 214, 218-19 (6th Cir.) (quoting *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940)), *cert. denied*, 498 U.S. 911, 111 S.Ct. 284, 112 L.Ed.2d 238 (1990).  Finally, relevant data also include the state's supreme court *dicta*, restatements of law, law review commentaries, and the majority rule among other states.  *Angelotta v. American Broadcasting Corp.*, 820 F.2d 806, 807 (6th Cir.1987).

*Garden City Osteopathic Hospital v. HBE Corporation*, 55 F.3d 1126, 1130 (6th Cir. 1995).  *See also*, *Carhartt, Inc. v. Innovative Textiles, Inc.*, 998 F.3d 739, 742 (6th Cir. 2021) (when the state's highest court has not addressed "the precise issue" in the case, "we are tasked with predicting how the court would resolve the issue from all relevant data, including decisions of the state appellate courts") (internal quotation marks and brackets omitted).  *See also*, *Laundree v. AMCA International*, 908 F.2d 43, 45-46 (6th Cir. 1990) ("[f]ederal courts normally treat decisions of state courts of appeals on issues of state law as authoritative absent a strong showing that the state's highest court would decide the issue differently").

Here, it is unnecessary to predict how the state's highest court would resolve the relevant legal issue raised by defendant MDOC.  The Michigan Supreme Court addressed "the precise issue" in *Christie v. Wayne State University*, 511 Mich. 39, 49-50, 993 N.W.2d 203 (2023), stating "[t]his Court has explained that adherence to the conditions set forth in MCL 600.6431 is necessary 'to successfully expose the defendant state agencies to liability.'"

Like the present case, *Christie* included a claim under ELCRA:

> This case presents the question of whether MCL 600.6431, a notice provision contained in the Court of Claims Act (the COCA), applies to all claims filed against the state, or only to those claims filed against state defendants in the Court of Claims. Defendant, Wayne State University, terminated the employment

of plaintiff, Susan Christie, in November 2017. Plaintiff commenced a civil action in the Wayne Circuit Court, advancing claims of age and disability discrimination under the Elliott-Larsen Civil Rights Act (the ELCRA), and the Persons with Disabilities Civil Rights Act (the PWDCRA).

*Christie*, 511 Mich. at 43 (footnotes omitted).

In addressing this issue, the Michigan Supreme Court stated in part,

While this Court has thus categorized MCL 600.6431 as a precondition to suing the state and cautioned that full compliance with the provision is required regardless of a finding of prejudice, this Court has not considered whether MCL 600.6431 applies to claims filed outside of the Court of Claims, like plaintiff's claims in this case. The Court of Appeals considered this issue of first impression in [*Tyrrell v. University of Michigan*, 335 Mich. App. 254, 966 N.W.2d 219 (2020)], holding that "absent the Legislature's conditioning its consent to suit on compliance with the COCA [Court of Claims Act], a plaintiff properly bringing a claim in circuit court against the state or a state defendant to which MCL 600.6431 applies is not required to comply with MCL 600.6431 for his or her claim to proceed in that court." This holding was based in large part on the panel's conclusion that "[t]he COCA, when read as a whole, and the placement of MCL 600.6431 in the statutory scheme suggest that the Legislature intended for MCL 600.6431 to apply only to claims brought in the Court of Claims." The Court of Appeals in the instant case relied on *Tyrrell* to hold that plaintiff was not required to comply with MCL 600.6431 given that she filed suit in the circuit court rather than in the Court of Claims. This case presents the Court with the opportunity to determine whether *Tyrrell* was correctly decided. . . .

We conclude that *Tyrrell* erred by holding that MCL 600.6431(1)'s notice requirements apply only to claims initiated against the state in the Court of Claims. Instead, MCL 600.6431(1) applies to all claims against the state, including those filed in the circuit court, except as otherwise exempted in MCL 600.6431 itself. This conclusion is supported by the plain language and statutory history of MCL 600.6431, as well as the history and purpose of the COCA, including its role in waiving the state's immunity from suit under limited circumstances.

*Christie*, 511 Mich. at 51-52 (footnotes omitted).

The Michigan Supreme Court also found that,

In short, *under the unambiguous language of MCL 600.6431*, any claim against the state, regardless of where it is filed, must comply with MCL 600.6431(1)'s notice requirements, except for claims brought under the WICA as exempted in MCL 600.6431(5). The notice provision's statutory history supports this conclusion. Accordingly, the Court of Appeals in *Tyrrell* incorrectly read a forum limitation into MCL 600.6431, which, by its express terms, applies without

limitation to all claims against state defendants, including those filed in the circuit court.

*Id*. at 57 (emphasis added).

Ultimately, the Michigan Supreme Court overruled *Tyrrell* stating:

We conclude that all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the notice requirements of MCL 600.6431(1). This includes claims against the state brought in the circuit court. Because it concluded to the contrary, we overrule *Tyrrell*. It is undisputed in this case that plaintiff did not comply with MCL 600.6431(1) within one year of the accrual of her claims. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for entry of summary disposition in favor of defendant.

*Christie*, 511 Mich. at 64-65.

The Supreme Court reached the same result in *Elia Companies, LLC v. University of Michigan Regents*, 511 Mich. 66, 993 N.W.2d 392 (2023):

As an initial matter, we reject plaintiff's argument that it was not required to comply with the notice and verification requirements of MCL 600.6431 because plaintiff initially filed suit in the circuit court rather than in the Court of Claims. As this Court held in *Christie v Wayne State Univ*, all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the requirements of MCL 600.6431. This includes claims initiated in the circuit court. Plaintiff did not timely comply with this provision, as it failed to file, in the office of the clerk of the Court of Claims, "a written claim or a written notice of intention to file a claim" within one year after its claims accrued.

*Elia Companies LLC,* 511 Mich. at 71-72 (footnotes omitted).

In summary, *Christie* set forth the substantive state law applicable to this case, *i.e.*, "all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the notice requirements of MCL 600.6431(1)" including "claims against the state brought in the circuit court." *Christie*, 511 Mich. at 64. As discussed, plaintiffs did not comply

with the notice requirements of § 6431 before filing their lawsuit against the MDOC. Accordingly, defendant MDOC's motion for partial summary judgment will be granted as to Counts I and II.[2]

### C. Plaintiffs' "official capacity" claims against defendants Bauman, Contreras, Marschke, Rutter, and Sprader

Plaintiffs have not alleged whether they are suing defendants Bauman, Contreras, Marschke, Rutter, and Sprader in their individual capacities, official capacities, or both. Defendants observe that "it is unclear as to what capacity the individual MDOC defendants are being sued." *See* Defendants' Brief at PageID.2851. Defendants' observation creates a question as to the nature of plaintiff's claims against defendants. *See, e.g.*, *Brawner v. Scott County Tennessee*, No. 3:17-CV-108, 2018 WL 5292068 at *6, fn. 3 (E.D. Tenn. June 13, 2018) ("A suit brought against a public official will not be construed as seeking damages against that defendant in his personal capacity unless the claim for individual liability is clearly and definitely set forth in the pleading.") (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995)). Although defendants do not answer the question of whether plaintiffs alleged "official capacity" claims against them, defendants ask for partial summary judgment "to the extent that they are sued in their official capacity". *See* Defendants' Brief at PageID.2850-2851. Defendants have not adequately briefed this issue. "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d

---

[2] The Court disagrees with plaintiffs' contention that "Retroactivity of *Christie* would cause manifest injustice and extensive damage to the judiciary itself." *See* Plaintiffs' Response (ECF No. 201, PageID.2875-2879). In construing the Michigan Supreme Court's opinion in *Christie* as introducing "a new rule of law that overruled 'clear and uncontradicted case law'" (*see* Plaintiff's Response at PageID.2875), plaintiffs rely on previous Michigan Court of Appeals' decisions (including *Tyrrell*) as establishing the existing rule of law. As discussed, under the *Erie* doctrine, *Tyrrell* and other intermediate appellate decisions did not establish the applicable state law. Rather, this Court would consider these appellate decisions as relevant data for ascertaining the applicable state law only if the Michigan Supreme Court had not addressed the legal issue raised by defendant MDOC. *See Carhartt, Inc.*, 998 F.3d at 742; *Garden City Osteopathic Hospital*, 55 F.3d at 1130. Here, the Michigan Supreme Court in *Christie* has addressed "the precise issue" raised by the MDOC, noted that it was a case of first impression, concluded that § 6431 was unambiguous, and overruled the lower court's decision in *Tyrrell*. *See Christie*, 511 Mich. at 64-65. Furthermore, by overruling *Tyrrell*, the *Christie* opinion clearly demonstrated that "the state's highest court would decide the issue differently" than the intermediate appellate courts. *See Laundree*, 908 F.2d at 45-46.

989, 995-96 (6th Cir. 1997).  Accordingly, defendants' motion for partial summary judgment regarding the "official capacity" claims will be denied without prejudice.

#### IV.    Conclusion

For the reasons set forth in this opinion,

**IT IS ORDERED** that defendant MDOC's motion for partial summary judgment as to Counts I and II (ECF No. 199) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Bauman, Contreras, Marschke, Rutter, and Sprader's motion for partial summary judgment (ECF No. 199) is **DENIED**.

**IT IS FURTHER ORDERED** that this case will proceed on the following claims:

**COUNT I** (Sexually hostile work environment) (ELCRA) (plaintiffs Fisher, Gilbert, Jasmin, and Svejda against defendants Bauman, Contreras, Marschke, Rutter, and Sprader);

**COUNT II** (Retaliation) (ELCRA) (plaintiffs Fisher, Gilbert, Jasmin, and Svejda against defendants Bauman, Contreras, Marschke, Rutter, and Sprader);

**COUNT III** (Sexually hostile work environment) (Title VII) (plaintiff Svejda against defendant MDOC);

**COUNT IV** (Retaliation) (Title VII) (plaintiff Svejda against defendant MDOC);

**COUNT V** (Disability discrimination) (Rehabilitation Act) (plaintiff Svejda against defendant MDOC);

**COUNT VII** (Constitutional due process) (42 U.S.C. § 1983, Fifth and Fourteenth Amendments) (plaintiffs Fisher, Gilbert, Jasmin, and Svejda against defendant Parenteau);

**COUNT VIII** (Constitutional equal protection) (42 U.S.C. § 1983, Fourteenth Amendment) (plaintiffs Fisher, Gilbert, Jasmin, and Svejda against defendants Bauman, Contreras, Marschke, Parenteau, Rutter, and Sprader).

**COUNT IX** (Gross negligence) (plaintiffs Fisher, Gilbert, Jasmin, and Svejda against defendant Parenteau).

Dated:  March 19, 2025                    /s/ Ray Kent
                                          RAY KENT
                                          United States Magistrate Judge